## Michael Burke *vs.* Theodore L. Savage.

Possession of personal property under claim of title is sufficient to entitle the possessor to maintain an action for its conversion against anybody who does not show a better title.

Under *St.* 1865, *c.* 207, § 2, a plaintiff's wife is a competent witness in his favor, though not to matters derived from private conversations with him.

It is the duty of an excepting party to show on his bill of exceptions that the questions relied on were raised at the trial, and that they were material.

Tort for the conversion of two coats.

At the trial in the superior court, before *Wilkinson*, J., the defendant offered evidence tending to show that the plaintiff was a seaman on a United States gunboat, which was a part of the blockading fleet stationed off the coast of certain of the states lately in rebellion, and that a vessel illegally attempting to run the blockade was captured, having these coats on board,

---

which were given at sea by an officer to the plaintiff, who had no other title thereto. The judge ruled that these facts alone would not prevent the plaintiff's recovery.

The plaintiff's wife was permitted to testify, under objection, that she was authorized by her husband to pledge the coats, and it appeared that she pledged them to the defendant, who was a pawnbroker, for five dollars. She was also permitted to testify, under objection, to conversations between herself and the defendant's agent, relating to the coats, at and after the delivery of them to the defendant.

The city ordinance of Boston relating to pawnbrokers was put in evidence ; and the defendant offered his book, kept by him as required by the ordinance, but the court rejected it.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*G. W. Searle*, for the defendant.

No counsel appeared for the plaintiff.

GRAY, J. 1. The plaintiff's possession of the property sued for was sufficient to sustain this action against any one who did not show a better title. *Magee* v. *Scott*, 9 Cush. 150. 2 Greenl. Ev. § 637.

2. By the *St.* of 1865, *c.* 207, § 2, the plaintiff's wife was a competent witness to prove her conversations with the defendant and his agent in her husband's absence ; and also her authority from her husband, as it does not appear by the bill of exceptions to have been derived from private conversations with him. Her further testimony was admissible to identify the coats in question.

3. No question of tender of the sum lent, or demand and refusal of the coats, appears to have been raised at the trial.

4. The bill of exceptions does not show that the defendant's book contained anything material to the defence of this action, and therefore shows no ground of exception to its exclusion. *Fuller* v. *Ruby*, 10 Gray, 285. *Hackett* v. *King*, 8 Allen, 144.

*Exceptions overruled.*